MARY DOWLING, Respondent, v. CHARLES SHEENAN, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Kapper, Seeger and Scudder, JJ.

JAMES K. DUFFY, Respondent, v. CREDIT DISCOUNT CORPORATION and Others, Appellants. TROY ALEXANDER, Respondent. (Appeal No. 1.) — Order denying motion of defendants Credit Discount Corporation, Harmercol Holding Corporation, Harmercol Holding Corporation of New York and Edward V. Harman, to dismiss complaint as to them affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ., concur.

JAMES K. DUFFY, Respondent, v. CREDIT DISCOUNT CORPORATION and Others, Appellants, and TROY ALEXANDER, Respondent. (Appeal No. 2.) — Order denying motion to strike case from Trial Term calendar affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young and Seeger, JJ., concur; Rich and Scudder, JJ., dissent and vote to reverse and to grant the motion.

ARON ELLMAN and ISIDOR FISHMAN, Respondents, v. M. E. G. REALTY CORPORATION, Appellant.— Order of reference modified by providing that it be referred to David Malbin, to hear and to report to the court: (1) Did plaintiffs default on the closing of title pursuant to the judgment of specific performance? (2) If plaintiffs did not so default the referee is then to ascertain and report the amounts that plaintiffs are to pay to the defendant on the closing of title and pursuant to the terms of the judgment of specific performance. In the event that the referee reports that the plaintiffs so defaulted and the report be confirmed, then the parties are to be remitted to such remedies as they may be advised. If the referee reports, and the report be confirmed, that plaintiffs did not default on the closing of title pursuant to the judgment of specific performance, then there should be a direction for a closing of title under and pursuant to the judgment of specific performance at a time and place to be named. As so modified the order is affirmed, with ten dollars costs and disbursements to appellant. Where there is an honest dispute as to the amounts to be paid at the time of closing of title pursuant to a judgment of specific performance, it is proper to make an application to the court for a determination as to the amounts which should be paid by the one who is required to perform. Here, it is claimed by plaintiffs that there is a fair dispute. Defendant, on the other hand, claims that plaintiffs have defaulted. In its memorandum the learned Special Term properly decided the matter in holding that in case plaintiffs had defaulted, then the parties were to be remitted to other remedies. But if there were no such default, then it was to be determined what amount plaintiffs were required to pay defendant on the closing. Unfortunately the order that was entered by plaintiffs did not comply with that memorandum. Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ., concur.

MAX FISCHTHAL, Appellant, v. LOUIS STEIN, Respondent.— Order requiring plaintiff to serve a second amended complaint so as to make the existing amended complaint more definite and certain affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ., concur.

THE FRANKLIN SOCIETY FOR HOME BUILDING AND SAVINGS, Appellant, v. MARY BASILE and Others, Defendants. BENJAMIN COHN, as Referee, Respondent.— Order setting aside sale and directing a resale affirmed, without costs. No opinion. Young, Rich, Hagarty, Seeger and Scudder, JJ., concur.